UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRENCE McCREA,

        Plaintiff,

    v.

B. JOHNSON, et al.,

        Defendants.

No. 2:15-cv-1487 JAM CKD P

ORDER

I. <u>Introduction</u>

    Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

    Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II. Screening

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Fed. R. Civ. P. 8 sets forth general rules of notice pleading in the federal courts.  See Swierkiewicz v. Sorema, 534 U.S. 506 (2002).  Complaints are required to set a forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks.  Rule 8 requires only "sufficient allegations to put defendants fairly on notice of the claims against them."  McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).  Even if the factual elements of the cause of action are present, but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper.  McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).

Plaintiff alleges that on April 29, 2015, the morning after he mailed a letter to his sister, he was handcuffed by non-defendant prison guards and asked about the letter.  The guards told him that defendant Lieutenant Johnson would "make the call" as to whether the letter posed a threat. After reading the letter, Johnson sent plaintiff to Administrative Segregation for eight days, though plaintiff did not receive "any write up as to any rule violation."  (ECF No. 1 at 11.)  His

1    personal and legal property was seized and not returned.  (Id.)  Plaintiff's requests to have his
2    letter and his property returned were ignored.  (Id.)  Plaintiff asserts that Johnson violated his
3    federal right to due process and various California regulations governing, e.g., inmate mail.  (Id.
4    at 11-12.)  While plaintiff makes other allegations about the inmate grievance system and racial
5    discrimination, the gravamen of the complaint seems to be that defendants improperly seized his
6    "personal and legal property."  (See id. at 10 (seeking relief in the form of $3,500 and return of
7    seized property)).

8        First, the complaint does not comply with the Rule 8 requirement of a short and plain
9    statement of the claim showing entitlement to relief.  Aside from invoking his due process rights
10   in connection with the seizure of his property, plaintiff does not make clear what federal claims
11   he seeks to bring or what federal rights allegedly have been violated.  As plaintiff will be granted
12   one opportunity to amend, the court explains below why his current allegations fail to make out a
13   claim under § 1983.

14       When placement in administrative segregation impairs an inmate's liberty interest, the Due
15   Process Clause requires prison officials to provide the inmate with "some notice of the charges
16   against him and an opportunity to present his views to the prison official charged with deciding
17   whether to transfer him to administrative segregation."  Bruce v. Ylst, 351 F.3d 1283, 1287 (9th
18   Cir. 2003).  In addition to the notice and opportunity for presentation requirements, due process
19   requires that there be an evidentiary basis for the prison officials' decision to place an inmate in
20   segregation for administrative reasons.  Superintendent v. Hill, 472 U.S. 445, 455 (1985).  This
21   standard is met if there is "some evidence" from which the conclusion of the administrative
22   tribunal could be deduced.  Hill, 472 U.S. at 455.  The evidence relied upon must have "some
23   indicia of reliability."  See Madrid v. Gomez, 889 F. Supp. 1146, 1273–74 (N.D. Cal. 1995).

24       Here, plaintiff's allegations concerning his placement in ASU are too vague and
25   conclusory to state a claim under this standard.  Moreover, plaintiff attaches a portion of an
26   "Administrative Segregation Unit Placement Notice" dated April 29, 2015 and signed by
27   defendant Johnson and plaintiff.  It describes the "circumstances which support the reason(s) for
28   placement" as follows:

3

> You are remanded to administrative segregation on April 29, 2015 based on being determined a potential threat to the safety of a person. Specifically, a letter was discovered in the outgoing mail describing your intent and ability to commit the murder of another inmate. No specific inmate was identified. In subsequent interview, you admitted to authoring and sending the letter. Your placement will be reviewed by a manager within one business day and by Institutional Classification Committee within ten days for appropriate program and housing consideration.

(ECF No. 1 at 9.) This would seem to belie plaintiff's claim that he was not given notice of why he was being placed in ASU. See Steckman v. Hart Brewing Co., Inc., 143 F.3d 1293, 1295-96 (9th Cir. 1998) (on Rule 12(b)(6) motion, court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint.")

Insofar as plaintiff's claims are based on state administrative regulations, they are not actionable under § 1983. Cornejo v. County of San Diego, 504 F.3d 853, 855 n. 3 (9th Cir. 2007) ("[A] claim for violation of state law is not cognizable under § 1983.")

As to Warden McComber, supervisory personnel are generally not liable under §1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Plaintiff has not alleged a causal link between McComber and any constitutional violation.

For these reasons, plaintiff's complaint will be dismissed for failure to state a claim. However, plaintiff will have one opportunity to amend.

III. Leave to Amend

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);

1 | Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

2 | allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

3 | Regents, 673 F.2d 266, 268 (9th Cir. 1982).

4 |     In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

5 | make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

6 | complaint be complete in itself without reference to any prior pleading.  This is because, as a

7 | general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

8 | F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

9 | longer serves any function in the case.  Therefore, in an amended complaint, as in an original

10 | complaint, each claim and the involvement of each defendant must be sufficiently alleged.

11 |     In accordance with the above, IT IS HEREBY ORDERED that:

12 |     1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

13 |     2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees

14 | shall be collected and paid in accordance with this court's order to the Director of the California

15 | Department of Corrections and Rehabilitation filed concurrently herewith.

16 |     3. Plaintiff's complaint is dismissed.

17 |     4. Plaintiff is granted thirty days from the date of service of this order to file an amended

18 | complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

19 | Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

20 | assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and

21 | two copies of the amended complaint; failure to file an amended complaint in accordance with

22 | this order will result in a recommendation that this action be dismissed.

23 | Dated:  July 29, 2015

24 |     _____
25 |     CAROLYN K. DELANEY
    UNITED STATES MAGISTRATE JUDGE

28 | 2 / mccr1487.14.new(2)